UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHIRLENE SCOTT, ET AL                                         CIVIL ACTION

VERSUS                                                        NO. 04-3427

KIRBY & ALLEN, INC., ET AL                                    SECTION "A" (2)

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 20)**, filed by Plaintiffs Shirlene and Morris Scott. Defendants oppose the motion. The motion, set for hearing on April 19, 2006, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

**I.     BACKGROUND**

Plaintiffs filed suit in this Court on December 17, 2004, alleging diversity jurisdiction and asserting that the case exceeds the requisite amount in controversy. (Complaint, ¶ 2). They allege that Plaintiff Shirlene Scott sustained burns when a 9 quart Bella Cucina Zip Cooker that she was using to prepare dinner suddenly and without warning exploded. (*Id.*, ¶ 5). Plaintiffs filed this motion to remand on April 3, 2006, seeking a "remand" to the 32nd District Court for the Parish of Terrebone, State of Louisiana.

**II.    DISCUSSION**

*1. The Parties' Contentions*

Plaintiffs contend that at the time suit was filed, Plaintiff Shirlene Scott had received

1

substantial burns to approximately 40% of her stomach and breast area. She was still actively undergoing treatment, and there was a question as to the permanency and severity of her wounds. According to plaintiffs, there was no way to know if Mrs. Scott would require surgery or sustain permanent scarring at that time. The trial was continued due to Hurricane Katrina. Plaintiffs claim that in the interim, Mrs. Scott completed her treatment, and her doctor determined that she had received no permanent injuries or scarring. Her medical bills for treatment are below $3,000. Thus, her claim does not amount to the $75,000 threshold for diversity jurisdiction.

Plaintiffs argue that if there are defects in the Court's subject matter jurisdiction, the Plaintiff may file a motion to remand at any time before the district court or appellate court renders a final judgment. They contend that in such a case, a remand is necessary.

Defendants oppose, arguing that this matter cannot be remanded to state court because it was never removed from state court. It was originally filed in federal court. Defendants further argue that even assuming that it is procedurally possible to remand the matter, the original petition for damages alleges that the damages exceed the jurisdictional amount. They contend that events occurring subsequent to removal which reduce the amount recoverable do not oust the district court's jurisdiction once it has attached. Finally, Defendants claim that even if a remand was procedurally possible, Plaintiffs have waived their right to remand by participating in this federal court proceeding for fourteen (14) months.

    2. *Law and Analysis*

A district court "may not remand a case that was never removed from state court." *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th Cir. 2002). Thus, this case cannot be

remanded.  The only possibility is dismissal.

"An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith and unless it appears to a legal certainty that the claim cannot be satisfied."  *Lister v. Commisioners Court, Navarro County*, 566 F.2d 490, 492 (5th Cir. 1978) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).  "The legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim."  *Scherer v. The Equitable Life Assurance Society of the United States*, 347 F.3d 394, 397 (2d Cir. 2003).  Defendants have acknowledged that Plaintiff's allegation in the complaint of the requisite amount was made in good faith.  (*See* Def. Memo. in Opp., p. 4 (stating that "plaintiffs' good faith pleading made in their original petition that the amount in controversy exceeds the jurisdictional amount is controlling)).  Thus, the case shall remain in this Court.

ACCORDINGLY,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 20)** is **DENIED**.

New Orleans, Louisiana, this 1st day of May, 2006.

_____
United States District Judge
Jay C. Zainey